**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| SPECIALISTS IN MEDICAL IMAGING, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:17-cv-01395 ) |
| ZOTEC PARTNERS, LLC, | ) ) |
| Defendant/Third-Party Plaintiff | ) ) |
| v. | ) ) |
| JAMES MCKAY AND HEALTHCARE BUSINESS CONSULTANTS, INC. | ) ) ) |
| Third-Party Defendants. | ) |

## ORDER AND OPINION

This matter is now before the Court on the Third-Party Defendants' James M. McKay[1] ("McKay") and Healthcare Business Consultants ("HBC") Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 17). For the reasons stated herein, the Motion to Dismiss is GRANTED and Counts I, II and III of Defendant/Third-Party Plaintiff Zotec Partners, LLC's ("Zotec") Amended Third-Party Complaint (ECF No. 16) are DISMISSED WITHOUT PREJUDICE. Zotec is given 21 days to file an amended complaint correcting the deficiencies as to Counts I, II and III. This matter is again referred to the Magistrate Judge for further handling.

---

[1] McKay is "either an owner, agent, or employee" of HBC. (ECF No. 16 at 1).

**BACKGROUND**[2]

In March 2015, Specialists in Medical Imaging ("SMI") and Zotec entered into a Billing Services Agreement ("Agreement"). (ECF No. 17 at 2). Illinois law governs the Agreement. (ECF. No. 17-1 at 14). Pursuant to the Agreement, Zotec was required to obtain reimbursement for medical services provided by SMI. *Id*. at 3. SMI agreed to provide to Zotec "all information necessary" that would enable Zotec to "bill and obtain reimbursement" for SMI's services. (ECF No. 16-1 at 1). SMI delegated the responsibility of providing Zotec with information to HBC. (ECF No. 16 at 2). Although the relationship between SMI and HBC is not clearly defined, in the Amended Third-Party Complaint Zotec alleges that HBC "served as administrators for SMI." *Id.*

On February 24, 2015, McKay sent Zotec an email attaching a letter the Internal Revenue Service (IRS) had sent to HBC.[3] (ECF No. 17 at 3). The email explained "attached is the IRS letter you will need for credentialing and other contact information," and that letter also listed the group name and federal employer tax ID. (ECF No. 17-3 at 3–4). The IRS letter contained the incorrect address for SMI.[4] *Id.* When submitting the billing reimbursement, Zotec provided Blue Cross/Blue Shield ("BC/BS") with the address contained in the IRS letter Zotec received from McKay instead of SMI's actual address. (ECF No. 16 at 3). The incorrect address resulted in BC/BS reimbursing SMI at a lower rate. *Id.*

On March 14, 2016, HBC, through McKay, stated via email that it would "try to identify an alternative route," while Zotec pursued all avenues of appeals for BC/BS's previous incorrect reimbursement of SMI. *Id.* at 4. On the same day, Zotec alleges that HBC, through McKay, also

---

[2] Allegations taken from the Amended Third-Party Complaint.

[3] The letter sent by the IRS to SMI was addressed to Specialists in Medical, Imagining SC. 2000 Spring RD STE 200. OAK BROOK, IL 60523" and was titled "We Assigned You an Employer Identification Number." (ECF No. 17-3).

[4] SMI is located in Peoria County, Illinois. (ECF No. 1-3 at 1).

2

verbally promised it would correct the mistake with BC/BS so that BC/BS would no longer reimburse SMI using the incorrect address. *Id.*

On July 24, 2017, SMI filed its Complaint in the Illinois Tenth Circuit Court against Zotec alleging a breach of the Agreement. (ECF No.1-2). On August 30, 2017, Zotec removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1). On March 3, 2018, Zotec filed an Amended Third-Party Complaint against HBC and McKay alleging promissory estoppel and negligent misrepresentation. (ECF No. 16). On March 19, 2018, HBC and McKay filed the Motion to Dismiss. (ECF No. 17). On April 13, 2018, Zotec filed its Response. (ECF No. 20). HBC and McKay filed a reply. (ECF No. 21). On May 9, 2018, Zotec filed its objection to the Reply. (ECF No. 22).[5] This Order follows.

## **JURISDICTION**

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship between the parties and the amount of controversy exceeds seventy-five thousand dollars. SMI is both incorporated in and has its principal place of business in Illinois. (ECF No. 17 at 2). According to the Notice of Appeal, Zotec is an Indiana limited liability company and none of its members are citizens of Illinois. (ECF No. 1 at 2); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Limited liability companies are citizens of every state of which any member is a citizen"). SMI has alleged that in breaching the Agreement, Zotec caused separate losses in the amounts of $262,368, $42,852, and $201,698. (ECF No. 1). Zotec brought a claim against HBC and McKay, both residents of Illinois, for two counts of promissory estoppel and one count of negligent misrepresentation. (ECF No. 16 at 2);

---

[5] In its Reply, McKay and HBC argue that HBC's Brief contained several misstatements or distortions of the controlling authority. (ECF No. 21 at 1). Zotec responds that the Reply brief is simply "recycled" arguments. The Court finds the Reply offers no new or helpful information and is unnecessary. As such, the Motion to file the reply is DENIED.

(ECF No. 1). Zotec alleges that HBC and McKay are responsible for the damages that SMI incurred. (ECF No. 16).

The fact that SMI, the Plaintiff, and HBC/McKay, Third-Party Defendants are all citizens of Illinois does not destroy this Court's jurisdiction over this action. "Once federal subject matter jurisdiction is established over the underlying case between [plaintiff] and [defendant], the jurisdictional propriety of each additional claim is to be assessed individually." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 78 n.1 (1996) (*quoting* J. Moore, Moore's Federal Practice ¶ 14.26, p. 14–116 (2d ed. 1996)). Thus, the Court's focus is not on the relationship between the Plaintiff and Third-Party but rather, whether there is a jurisdictional basis for the claim by defendant against third-party defendant. *Id.* The fact that SMI and HBC may be co-citizens is completely irrelevant. *Id.* Solely examining Zotec's claims against HBC and McKay, the Court finds it has diversity of jurisdiction. SMI resides within the Central District of Illinois, and therefore, venue in this District is proper.

## STANDARD OF REVIEW

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim must "give enough details about the subject matter of the case to present a story that holds together" to be plausible. *Swanson v.*

*Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). A court must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

Statements in the complaint must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 622 (7th Cir. 2012). This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the … claim is and the grounds upon which it rests'" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

When evaluating a motion to dismiss, the Court must accept as true all factual allegations in the complaint. *Ashcroft*, 556 U.S. at 678. However, the Court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (*citing Bell Atlantic Corp.*, 550 U.S. at 555). Conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 678 (*citing Bell Atlantic Corp.*, 550 U.S. at 554-55).

## **DISCUSSION**

### **Promissory Estoppel against HBC and McKay**

In Counts I and II of the Amended Third-Party Complaint, Zotec alleges claims against McKay and HBC for promissory estoppel. In order to establish a claim for promissory estoppel, "a plaintiff must plead… (1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment." *Quake Const., Inc. v. American Airlines, Inc.*, 565 N.E.2d 990, 1003-05 (Ill. 1990). A promise for promissory estoppel is one in which a

"declaration that one will do or refrain from doing something [is] specified." *Derby Meadows Util. Co. v. Inter-Cont'l Real Estate*, 559 N.E.2d 986, 995 (Ill. App. Ct. 1st Dist. 1990) (*citing* Webster's third international dictionary 1851 (1986)). Furthermore, promises for promissory estoppel are usually based on a promise of future action and not a representation of fact. *Hart v. Amazon.com, Inc.*, 191 F. Supp. 3d 809, 824 (N.D. Ill. 2016) (*citing Caterpillar, Inc. v. Usinor Industeel*, 393 F.Supp.2d 659, 680 (N.D. Ill. 2005)).

Zotec directs the Court to three promises it alleges McKay and/or HBC made to which it relied on to its detriment. (ECF No. 16). These promises were contained in: (1) the email sent on February 24, 2015 with the IRS letter attached, (2) the email sent on March 14, 2016, and (3) a verbal promise made on March 14, 2016. *Id.* Zotec argues that it has satisfied its pleading requirement by providing sufficient facts to establish each of the required elements of a promissory estoppel claim. (ECF No. 20). This Court disagrees.

First, Zotec alleges that HBC, through McKay, made an unambiguous promise by providing an email with the attached IRS letter containing the contact information of SMI, which it relied on to its detriment. (ECF No. 16). The email stated that, "attached is the IRS letter you will need for credentialing and other contact information." (ECF No. 17-3 at 3-4). However, the email text did not claim that HBC would do or refrain from doing something specific but only provided said information. *Id.* As there was no promise of future action but only information provided, the email cannot be an unambiguous promise. *Id.*; *Hart,* 191 F. Supp. 3d at 824.

Second, in the email sent on March 14, 2016, Zotec also alleges that HBC made an unambiguous promise, which it relied on to its detriment. (ECF No. 16 at 4). The text of the email, according to the Amended Third-Party Complaint, reads as follows:

> Blue Cross & Blue Shield of Illinois. We communicated by e-mail on Thursday with Amanda Williams, Unit Manager Provider Network Relations. She is the same

6

person you talked to last Tuesday. She did not imply that an appeal would be successful. She stated, 'Since the contracts were completed with an Area A address, the claims were paid correctly so we will not complete retro claim adjustments at this time.' We would like to understand how SMI got set up as a medical clinic; rather, than a hospital-based group. Please forward us a copy of the application filed with BCBSIL. Additionally, this morning we had our legal counsel talk with Victor Gonzalez, Assistant General Counsel for BCBSIL. His response about this matter was that 'that didn't seem right.' He looked up SMI on their system and is going identify the correct person to address the matter. Meanwhile, we should work on both fronts. You should continue with the appeals process with Amanda Williams and we will try to identify an alternative route.

*Id.* Zotec argues that this email shows an unambiguous promise made by HBC, in which HBC would remedy the reimbursement issues with BC/BS. (ECF No. 20 at 4). The statement, "we will try to identify an alternative route," does not promise to do anything specific. (ECF No. 16 at 4). On the contrary, the statement's use of the word "try" makes it ambiguous. *Id.* The only thing that was promised was an attempt to do something. *Id.* Accordingly, this email does not contain an unambiguous promise because HBC did not promise that it would do something or refrain from doing something specific to Zotec. *Id.*; *Derby*, 559 N.E.2d at 995. The email also does not show that HBC expected reliance as the statement "try to identify an alternative route" lacks definite terms to be reasonably relied on. (ECF. No. 16 at 4); *Nibeel v. McDonald's Corp.*, No. 97 C 7203, 1998 WL 547286, at *12 (N.D. Ill. Aug. 27, 1998) (finding that an alleged promise must have definite terms to be reasonably relied on for a claim of promissory estoppel). Zotec also did not rely on this promise to its detriment since this email was sent after February 2016, and SMI is not seeking damages for events that happened after that date. (ECF No. 17-3 at 3); (ECF No. 1-1).

Third, Zotec alleges that HBC/McKay verbally and "unequivocally promised" that HBC/McKay would correct the mistake with BC/BS so that "BC/BS would no longer reimburse SMI" using the incorrect address. (ECF No. 16 at 4). Zotec asserts HBC/McKay made a verbal promise to prevent future damages but does not allege that the promise was to correct the harm

7

already caused. (ECF No. 16 at 4). Zotec argues that it relied on that promise to its detriment. (ECF No. 20). However, the claims brought by SMI involve past harm and not future harm, leaving Zotec unable to rely on this promise to its detriment.

Therefore, because Zotec insufficiently pleaded elements of promissory estoppel for the alleged promises, the Court finds the allegations are deficient to state a claim. However, the Court finds no prejudice will result in allowing Zotec an additional opportunity to correct these deficiencies if it can do so by filing an amended pleading. As such, Counts I and II are DISMISSED WITHOUT PREJUDICE.

**Negligent Misrepresentation against HBC**

In Count III of the Amended Third-Party Complaint, Zotec alleges a claim against HBC for Negligent Misrepresentation, alleging that HBC negligently provided Zotec with the wrong address to use for reimbursement purposes. "In order to state a cause of action for negligent misrepresentation, plaintiff's complaint must first allege facts establishing a duty owed by the defendant to communicate accurate information." *Brogan v. Mitchell Intern., Inc.*, 692 N.E.2d 276, 278 (Ill. 1998) (*citing Board of Educ. Of City of Chicago v. A, C and S, Inc.*, 546 N.E. 2d 580, 591 (Ill. 1989)). (ECF No. 20). The alleged facts make it clear SMI had a duty to Zotec, via their contractual agreement, to provide Zotec with information for billing reimbursement. (ECF No. 16-1 at 1). Furthermore, when SMI delegated that responsibility to HBC, HBC accepted SMI's responsibility to provide information to Zotec.

However, the contractual duty of the principal to a third party does not transfer to the agent when the responsibility of the contract is delegated to that agent. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 766 (7th Cir. 2009) (*citing Stein v. Rio Parismina Lodge*, 695 N.E.2d 518, 522 (Ill. 1998) ("While the acts of an agent may be considered to be acts of the principal, acts

of the principal are never imputed to the agent." (Citation omitted))). Simply put, "an agent who breaches a duty owed solely to her principal is not independently liable to an injured third party." *Id.* at 765 (*citing Bovan v. Am. Family Life Ins. Co.*, 897 N.E.2d 288, 295 (Ill. 2008)); Restatement (Third) Of Agency § 7.02 (2006) ("An agent's breach of a duty owed to the principal is not an independent basis for the agent's tort liability to a third party. An agent is subject to tort liability to a third party harmed by the agent's conduct only when the agent's conduct breaches a duty that the agent owes to the third party"). Therefore, the contractual duty to Zotec did not transfer when SMI delegated its responsibility to HBC.

Zotec merely alleges that there is a legal duty between it and HBC. (ECF No. 16 at 7 ("Healthcare Consultants had a legal duty to supply accurate information to Zotec.")). A legal duty between two parties is a legal conclusion. *Yelkovanoglu v. Gordon*, 311 N.E.2d 322, 323-24 (Ill. App. Ct. 1st Dist. 1974). In the Amended Third Party Complaint, Zotec offers no factual basis that would create such a legal duty. (ECF No. 16, *ad passim*); *see also* (ECF No. 16); *Ashcroft* 556 U.S. at 678 (*citing Bell Atlantic Corp.*, 550 U.S. at 555). As such, the Court finds the allegations are insufficient to state a claim. However, the Court finds no prejudice will result in allowing Zotec an additional opportunity to correct this deficiency if it can do so by filing an amended pleading. As such, Count III is DISMISSED WITHOUT PREJUDICE.

## **CONCLUSION**

For the reasons stated herein, Defendants McKay and HBC's Motion to Dismiss is GRANTED for all Counts. Counts I, II and III are DISMISSED WITHOUT PREJUDICE. Zotec is given 21 days to file an amended complaint correcting the deficiencies as to Counts I, II and III. This matter is again referred to the Magistrate Judge for further handling.

ENTERED this 24th day of July 2018.

/s/ Michael M. Mihm
Michael M. Mihm
U.S. District Court Judge